IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL MONSANTO-LOPEZ,** | : | CIVIL ACTION NO. 1:22-CV-1855 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **STEPHEN SPAULDING,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Daniel Monsanto-Lopez, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. We will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.    Factual Background & Procedural History**

Monsanto-Lopez is currently incarcerated in the Lewisburg United States Penitentiary ("USP-Lewisburg") serving a 135-month sentence imposed by the United States District Court for the Southern District of New York for conspiracy to distribute narcotics. (Doc. 7 at 2). He filed the instant petition on November 14, 2022, and the court received and docketed the petition on November 22, 2022. (Doc. 1 at 2). Monsanto-Lopez asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.)  He asserts that exhaustion of administrative remedies is not necessary because his claim is a matter of statutory construction. (Id.)

Respondent responded to the petition on December 30, 2022. (Doc. 7). Respondent argues the petition should be dismissed for failure to exhaust administrative remedies. (Id. at 7-11). Monsanto-Lopez filed a reply brief on December 30, 2022, in which he argues that he exhausted administrative remedies by filing an appeal to the BOP's regional director. (Doc. 8).

## II. Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is

exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Monsanto-Lopez's petition should be dismissed for failure to exhaust because he did not appeal the relevant administrative remedy request through all stages of the BOP's administrative remedy program.  (Doc. 7 at 10).  Respondent attaches a declaration from Jennifer Knepper, an attorney employed at USP-Lewisburg, to support this argument.  (Doc. 7-1 at 1-2).  Knepper confirms that Monsanto-Lopez failed to complete the BOP's administrative remedy program by not appealing his grievance through all stages of review.  (Id. at 2).

Monsanto-Lopez argues that exhaustion should be excused because his claim presents a matter of statutory construction and that even if exhaustion is required he exhausted administrative remedies by appealing to the BOP's regional director.  (See Doc. 1 at 2; Doc. 8 at 2).

We find these arguments unpersuasive.  First, Monsanto-Lopez's petition does not present a matter purely of statutory construction; rather he is seeking to have a specific number of FSA time credits applied towards his sentence.  Exhaustion is not excused in that situation.  E.g., Rodriguez v. Sage, No. 1:22-CV-503, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (Conner, J.); Powell v. Christensen, No. 3:22-CV-1985, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 15, 2023).  Second, an appeal to the regional director is not sufficient to exhaust administrative

3

remedies. Petitioners seeking to exhaust administrative remedies under the BOP's administrative remedy program must appeal their grievances to the BOP's general counsel. 28 C.F.R. § 542.15(a). Accordingly, we conclude that Monsanto-Lopez failed to exhaust administrative remedies.

### III.  Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania

Dated:    April 28, 2023